Marshall E. Livingston, J.
Plaintiff moves for an order directing that the wife of the defendant appear, as a witness, and be examined pertaining to the defendant’s physical condition prior to the accident on May 15, 1967.
Defendant contends that his wife’s knowledge of his ability to operate an automobile is privileged, and pursuant to CPLR 4502 (subd. [b]) is not a proper subject of inquiry by the plaintiff.
It is undisputed that defendant’s westbound ear crossed a mall and struck plaintiff’s eastbound car after gyrating in a westbound lane without contact until the collision causing the death of Dr. John F. Wood.
The court is cognizant of the prohibitions of CPLR 4502 (subd. [b]) relating to a “ confidential communication made by one to the other during marriage
In this case an officer’s report shows that Mrs. Lawrence, the wife of the defendant, while at the hospital, made several statements concerning her husband’s prior condition, loss of blood and the like. She is said to have noted her prior concern that her husband see a doctor, which he refused to do. This concern may have been expressed to her husband in the presence of others.
In this situation the examination of Mrs. Lawrence will no doubt elicit the basis of her knowledge and may be relevant in explaining whether or not her statement was in fact a “ privileged communication ”.
*334 The trial court should determine the applicability of CPLR 4502 (subd. [b]) to her testimony upon the trial.
Under these circumstances, where an unexplained accident causing the death of a third party occurred, it seems proper to me to permit a defendant’s wife to be examined before trial as to her husband’s prior physical condition. Plaintiff’s motion is granted.